IN THE CIRCUIT COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR UNION COUNTY, FLORIDA

WALTER L. CHANEY,
Plaintiff,

vs.

Case No: 63-2009-CA-0013
Demand for Jury Trial

JAMES V. CROSBY, FORMER SECRETARY
Florida Dept of Corrections;
Gerald Abdul Wasi; K. Golden; W. Whitehurst;
Ted Key; J. Palmer; D. Mallard; John R.
Hassett; Lt. S. Tricocci; Insp. Jones;
C/O Combs; C/O Daniel; C/O Gaskin;
Defendant(s).
_____/

## AMENDED TORT COMPLAINT

COMES NOW, plaintiff, Walter L. Chaney, pro se, pursuant to Fla. R. Civ. P. 1.190(A) and sues the defendants, individually and in their official capacity as employees of the Florida Department of Corrections, and as grounds therefore alleges and states as follows:

1. This is an action for monetary damage arising out of rights secured by the Eighth and Fourteenth Amendments of the United States Constitution and Article 1, Sections 9 & 17 of the Florida Constitution. Moreso, particularly 42 U.S.C. § 1983 as well as State Law 784.03, 784.011, Florida Statutes.

2. The plaintiff invokes the jurisdiction of this Honorable Court pursuant to Article V, Section 7 of the Florida Constitution.

3. Venue in the Eighth Judicial Circuit, Union County, Florida is proper per F.S. 768.28 (2006) in that claim(s) of violations occurred in part in Union County, Florida.

4. Defendants were at all times relevant to this complaint officers, agents or employees of the Florida Department of Corrections, Union Correctional Institution or state employees acting in an official capacity to oversee, direct or control the prison operation of Union Correctional Institution in Raiford, Florida.

5. Plaintiff, Walter L. Chaney, an adult citizen of the United States and resident of Union County, Florida at the time of the incident brings this action in his individual capacity.

6. Plaintiff, at all times relevant to this action, was an inmate of Union Correctional Institution, Union County, Florida.

7. Plaintiff is an inmate currently incarcerated at Florida state Prison, 7819 N.W. 228th Street, Raiford, Florida 32026.

8. Defendant James Crosby's currently address is unknown. Crosby was Secretary of the Florida Department of Corrections from January 2003 until January 2006.

9. Defendant Gerald Abdul-Wasi, former Inspector General, is currently employed at: Regional Directors Office 1925 U.S. Hwy 27, Clermont, Florida 34711-9025.

10. Defendant K. Golden's current address is unknown. Golden was an employee of the Department of Corrections Headquarters.

11. Defendant Wendell Whitehurst, former Warden of Union C.I. is currently employed at: Regional Directors Office, 2015 W. Unit Drive, Sneads, Florida 32460-4166.

12. Defendant Ted Key, formally employed at Union C.I. is currently employed at Lawtey Correctional Institution, 7819 N.W. 228th Street, Raiford, Florida 32026.

13. Defendant John Palmer, formerly employed at Union C.I. as Colonel, is possibly currently employed at Liberty Correctional Institution, 11064 N.W. Dempsey Barron Road, Bristol, Florida 32321-9711.

14. Defendant Dwight Mallard, formerly a Captain, is currently employed as a Colonel at Union C.I, 7819 N.W. 228th Street, Raiford, Florida 32026.

15. Defendant John R. Hassett was formerly employed as a sergeant at Union C.I. His current address is unknown.

16. Defendant S. Tricocci formerly employed as a lieutenant at Union C.I. is currently employed at New River C.I, 7819 N.W. 228th Street, Raiford, Florida 32026.

17. Defendant Inspector Jones is currently employed at Union C.I., 7819 N.W. 228th Street, Raiford, Florida 32026.

18. Defendant C/O Combs is currently employed at Union C.I., 7819 N.W. 228th Street, Raiford, Florida 32026.

19. Defendant Daniel was formerly employed at Union C.I. as an officer. Daniel's current address is unknown.

20. Defendant J. Gaskin was formerly employed at Union C.I. as an officer. Gaskin's current address is unknown.

21. At all times relevant to this complaint, the defendants were acting under the color of state law.

22. Plaintiff sues each defendant in his/her individual capacity.

23. From approximately February 2004 until May 27, 2005, plaintiff was an inmate of FDOC housed at Union C.I.

24. From January 2003 until January 2006, James Crosby was the Secretary of FDOC and was charged with the management and supervision of FDOC and its facilities.

25. From January 2003 until January 2006, Gerald Abdul Wadi was the Inspector General and charged by Secretary Crosby with correcting misconduct by prison officials.

26. From unknown date until unknown date, K. Golden was an official representative of Secretary Crosby and charged by Crosby with correcting misconduct by prison officials.

27. From unknown date until unknown date, Wendell Whitehurst was charged with the duty of Warden at Union C.I. to oversee the management and supervision of U.C.I.

28. From unknown date until unknown date, Ted Key was an official at U.C.I. charged by Whitehurst with correcting staff misconduct.

29. From unknown date until unknown date, John Palmer was a Correctional Officer with rank of Colonel at U.C.I. and was responsible for all security matters and was charged with correcting misconduct of correctional officers at U.C.I.

30. From unknown date until unknown date, Dwight Mallard was a Correctional Officer with the rank of Captain at U.C.I.

31. From unknown date until unknown date, John R. Hassett was a Correctional Officer with the rank of Sergeant at U.C.I.

32. From unknown date until unknown date, S. Tricocci was a correctional officer with the rank of Lieutenant at U.C.I.

33. From Unknown date until unknown date, Inspector Jones was a correctional Officer with the rank of Inspector "from the Office of the Inspector General" at U.C.I. and was charged with correcting staff misconduct.

34. From unknown date until unknown date, C.G. Combs was a correctional officer at U.C.I.

35. From unknown date until unknown date, R. Daniel was a Correctional Officer at U.C.I.

36. From unknown date until unknown date, J. Gaskin was a Correctional Officer at U.C.I.

37. Crosby, Golden, Whitehurst, Key, Palmer and Jones knew of the general propensity for violence against inmates at U.C.I. by correctional officers including O-dormitory staff. However they failed to intervene and condoned violence against inmates, conspired to cover it up and were deliberately indifferent to the risk of abuse.

38. On 1/1/05, plaintiff attempted suicide and also complained to Mallard that Sergeant P. Maginnis refused to feed him breakfast without cause, justification or provocation.

39. Mallard, Hassett, Combs and Daniel became angry over plaintiff's actions of cutting himself and sought revenge in a wanton manner—and orders were given to trash plaintiff's cell.

40. Thereafter, Hassett began forcefully dragging plaintiff towards the quarterdeck of O-dormitory while plaintiff was in full restraints.

41. As Hassett forcefully escorted plaintiff, Hassett removed the issued can of chemical from his waist belt and began shaking it.

42. While en route, Hassett pushed plaintiff to the side out of view of the security camera and maliciously, sadistically and wantonly administered chemicals directly into plaintiff's face.

43. Plaintiff at no time did anything to warrant Hassett's use of force.

44. Daniel, Combs and Gaskins were present and witnessed Hassett's abusive actions to the plaintiff and had time to intervene but failed to act or protect plaintiff from Hassett's abuse or unnecessary use of force.

45. After administering chemicals, Mallard and Tricocci maliciously and sadistically refused to provide plaintiff with a cold shower to wash the chemicals off his body.

46. Crosby, Abdul Wasi, Golden, Whitehurst, Key, Palmer, Mallard, Hassett, Tricocci, Jones, combs, Daniel and Gaskins thereafter conspired to cover up the abuse and unnecessary use of force upon the plaintiff.

47. As a result of the abuse, unnecessary use of force and actions of all of the above defendants, plaintiff suffered from physical and psychological injuries including physical pain, stress, depression, paranoia and anxiety—and continues to suffer from psychological injuries.

## STATEMENT OF CLAIMS

1. Plaintiff's United States Constitutional Amendment rights (8th and 14th Amendments); Article 1, Sections 9 & 17 of Florida Constitutional rights and state law rights to be free from assault and battery, including Florida Statutes 784.03, 784.011, 20.315, 944.33, 944.14,

944.09, etc.—but not limited to F.A.C. Rules 33-208.001.002, 33-602.210 were violated when:

a. Crosby, Abdul Wasi, Golden, Whitehurst, Key, Palmer and Jones created an environment where officers acted under the pretense that. Their acts were condoned physically abusing inmates at U.C.I.

b. Crosby, Abdul Wasi, Golden, Whitehurst, Key, Palmer and Jones were aware of the general propensity for violence against inmates at U.C.I. by officers clearly violating rules became the ultimate policymakers for their agency, condoning and covering up wrongful acts and were deliberately indifferent to the risk of abuse of inmates by officers.

c. Mallard, Hassett, Combs and Daniel intended to and in fact did retaliate against plaintiff for orally redressing his grievance against Maginnis by physically abusing plaintiff at the hands of Hassett.

d. Hassett, without provocation "maliciously, sadistically and wantonly used unnecessary force to escort plaintiff and then push him out of view of the camera and administered chemicals in his face and neck area.

e. Daniels, Combs and Gaskin were present and witnessed Hassett's abusive actions against plaintiff, and failed to take any actions to protect plaintiff from Hassett's abuse.

f. Mallard and Tricocci maliciously and sadistically failed to provide plaintiff with a cold shower to wash chemicals from his person.

7

    g.    Crosby, Abdul Wasi, Golden, Whitehurst, Key, Palmer, Mallard, Hassett, Tricocci, Jones, Combs, Daniel and Gaskins all conspired to cover up the abuse and unnecessary use of force in violation of plaintiff's rights.

## REQUESTED RELIEF

1. An award of compensatory damages against all defendants for the physical and emotional injuries sustained by plaintiff as a result of abuse.

2. An award of punitive damages against all defendants for violating plaintiff's rights.

3. An award of costs, fees and attorney fees.

4. Any other relief that the plaintiff may be entitled to.

5. Plaintiff demands a jury trial on all issues so triable.

*[signature]*
Walter L. Chaney, pro se
DOC No. 108132
Florida State Prison
7819 NW 228th Street,
Raiford, Fl 32026

## OATH

Under penalty of perjury according to F.S. 92.525(2) (2008), I declare that the foregoing statements are true and correct based on personal knowledge, information and belief.

*[signature]*
Walter L. Chaney, pro se
DOC No. 108132

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Amended Complaint was placed in the hands of Officer  S. Younger  for the purpose of mailing by U.S. Mail to Lance Eric Neff, Assistant Attorney General, The Capitol, Pl-01, Tallahassee, Florida 32399-1050; Kathleen Von Hoene, General Counsel, FDOC, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500 on this  14th  day of  April , 2009.

Copy sent to: Regina H. Parrish, Clerk,

Walter L. Chaney, (pro se)
DOC No. 108132