**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WALTER L. CHANEY,

    Plaintiff,

v.                                                 Case No. 3:11-cv-801-J-32JBT

JOHN R. HASSETT,

    Defendant.

## ORDER

### I. Status

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this case by filing a complaint in state court. Thereafter, the Defendants removed the case to this Court. Plaintiff is proceeding on an Amended Tort Complaint (Doc. #2) (hereinafter Amended Complaint), in which he names thirteen Defendants in both their individual and official capacities. Before the case was removed from state court, four defendants were dismissed from this action, as were the claims against all of the Defendants in their official capacity.[1] On November 14, 2013, this Court granted Plaintiff's request to dismiss the remaining Defendants, with the exception of Sergeant John R. Hassett. See Order (Doc. #58).

---

[1] A copy of the state court's order is appended to Defendants' Motion for Summary Judgment (Doc. #12) as Exhibit A.

This cause is before the Court on Defendants' Motion for Summary Judgment (Doc. #12) (hereinafter Defendant's Motion).² The Court advised Plaintiff of the provisions of Fed. R. Civ. P. 56, and gave him an opportunity to respond. See the Court's Order (Doc. #14) at 3 n.1. Plaintiff has responded. See Plaintiff's Affidavit and Response to Defendants' Motion for Summary Judgment (Doc. #37) (hereinafter Plaintiff's Response). Thus, Defendant's Motion is ripe for review.³

## II. Plaintiff's Remaining Claims

Plaintiff's remaining claims are as follows. On January 1, 2005, while confined at Union Correctional Institution, Plaintiff attempted to commit suicide by cutting himself. Amended Complaint at 5. On the same day, Plaintiff also complained to Officer Dwight Mallard that Sergeant P. Maginnis refused to feed Plaintiff breakfast. Id. Several correctional officers, including Defendant Hassett, "became angry over plaintiff's actions of cutting himself and sought revenge in a wanton manner - and orders were given to trash plaintiff's cell." Id. "Thereafter, Hassett began forcefully dragging plaintiff towards the quarterdeck of O-

---

² Defendant's Motion was filed by the nine Defendants who remained in this case at the time the case was removed from state court; however, the motion is moot with respect to all Defendants except Defendant Hassett.

³ Consideration of Plaintiff's claims has been delayed for several reasons. The events giving rise to Plaintiff's claims allegedly occurred in January of 2005; however, Plaintiff did not file his action in state court until January of 2009. The case was not removed to this Court until August 10, 2011. After Defendant's Motion was filed, Plaintiff was given the opportunity to engage in discovery. Thereafter, he requested and was granted additional time to file his response to Defendant's Motion. Then, Plaintiff filed a motion for summary judgment, and Defendants sought additional time to respond to it. Plaintiff subsequently withdrew his motion for summary judgment on October 17, 2013, and, as noted previously, on November 14, 2013, this Court granted Plaintiff's request to dismiss all Defendants except Sergeant John R. Hassett.

dormitory while plaintiff was in full restraints." Id. During the escort, Defendant Hassett removed a can of chemical agents from his waist belt, shook it, "pushed plaintiff to the side out of view of the security camera and maliciously, sadistically and wantonly administered chemicals directly into plaintiff's face." Id. at 5-6. "Plaintiff at no time did anything to warrant Hassett's use of force." Id. at 6.

Thereafter, Defendant Hassett and other prison officials conspired to cover up the unnecessary use of force. Id. As a result of the unnecessary use of force, "plaintiff suffered from physical and psychological injuries including physical pain, stress, depression, paranoia and anxiety - and continues to suffer from psychological injuries." Id.

Based upon these allegations, Plaintiff raises the following claims: (1) Defendant Hassett retaliated[4] against Plaintiff "for orally redressing his grievance against Maginnis by physically abusing plaintiff," id. at 7; (2) Defendant Hassett maliciously used unnecessary force "to escort plaintiff and then push him out of view of the camera and administer[] chemicals in his face and neck area," id., in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution and Article One of the Florida Constitution, his right under Florida law to be free from assault and battery and his rights under several other Florida statutes; and (3) Defendant Hassett and other prison officials conspired to cover up the unnecessary use of force.

---

[4] Defendant's Motion does not address this retaliation claim.

### **III. Defendant's Version of the Events**

Defendant Hassett asserts that on the day in question, he escorted Plaintiff to his cell after Plaintiff had been treated for his self-inflicted cuts. Ex.[5] B at 1. When they arrived at Plaintiff's cell, Defendant Hassett noticed a small amount of blood remained on the cell floor. Plaintiff said he would not enter the cell until it was cleaned; therefore, Defendant Hassett ordered Plaintiff to return to the holding cell and began to escort Plaintiff to the holding cell so that Plaintiff's assigned cell could be cleaned. Id. Defendant Hassett describes what then occurred.

> As I escorted Chaney down the wing towards the exit, Chaney became agitated and belligerent. Chaney turned to move away from me, stating, "Fuck this." I then ordered Chaney to continue walking toward the wing exit.
>
> As I guided him off the wing, Chaney again turned away from me, stating, "Fuck you, bring me back." Because Chaney's non-compliance and belligerent demeanor were signs of possible aggression, I removed the canister of OC chemical agents which was issued to me at the beginning of the shift and repeated my order for Chaney to return to the holding cell.
>
> By this time, Chaney and I had exited the wing onto the second floor quarterdeck area. Chaney quickly turned and stepped toward me in an aggressive manner, lowering his upper body as if to head butt me. I perceived Chaney's actions to be indicative of imminent assault. In order to prevent Chaney from assaulting me, I administered a one-second burst of chemical agents towards Chaney's chest and facial area. Chaney then became compliant and was secured in the holding cell without further incident.

Id. at 2 (paragraph enumeration omitted).

---

[5] The Court hereinafter refers to the exhibits appended to Defendant's Motion as "Ex."

### IV.  Summary Judgment Standard

"Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).  "If the moving party meets this burden, 'the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor.'"  Ekokotu v. Federal Exp. Corp., 408 F. App'x 331, 333 (11th Cir. 2011) (per curiam) (quoting Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007)).

### V. Law and Conclusions

### A.  Use of Force

"The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII.  In considering an Eighth Amendment excessive force claim, [the Court] must consider both a subjective and objective component: (1) whether the 'officials act[ed] with a sufficiently culpable state of mind,' and (2) 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.'" Tate v. Rockford, 497 F. App'x 921, 923 (11th Cir. 2012) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)).

> In both Fourteenth and Eighth Amendment excessive force claims, whether the use of force violates an inmate's constitutional rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) (establishing the standard for an Eighth Amendment excessive force claim); see Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (applying the Whitley test in a Fourteenth Amendment excessive force case).

> If force is used "maliciously and sadistically for the very purpose of causing harm," then it necessarily shocks the conscience. See Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987) (stating that the Eighth and Fourteenth Amendments give equivalent protections against excessive force). If not, then it does not.

Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (per curiam).

"Although the extent of the injury is a relevant factor in determining the amount of force applied, it is not solely determinative of an Eighth Amendment claim." Muhammad v. Sapp, 494 F. App'x 953, 957 (11th Cir. 2012) (per curiam) (citing Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)).

> When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. See Whitley, supra, 475 U.S., at 327, 106 S.Ct., at 1088. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today.

Hudson, 503 U.S. at 9. The Eleventh Circuit has also noted "that where chemical agents are used unnecessarily, without penological justification, or for the very purpose of punishment or harm, that use satisfies the Eighth Amendment's objective harm requirement." Thomas v. Bryant, 614 F.3d 1288, 1311 (11th Cir. 2010) (citations omitted).

In this case, the parties have contradictory versions of what happened on January 1, 2005. On one hand, the Defendant asserts that he sprayed Plaintiff with chemical agents because Plaintiff was belligerent, refused to obey orders and made a threatening move towards the Defendant. On the other hand, Plaintiff asserts that the Defendant maliciously

and sadistically sprayed Plaintiff with chemical agents to cause harm and without a legitimate penological purpose because Plaintiff was not refusing to obey orders, resisting or posing any threat.

Both parties have submitted affidavits to support their respective positions.  See Ex. B; Ex. C; Ex. D; Ex. E; Plaintiff's Exhibits[6] 1, 2 and 8.  Accordingly, Defendant's Motion will be denied with respect to Plaintiff's unnecessary use of force claim under the United States Constitution because there are genuine issues of material fact that prevent the entry of summary judgment at this stage of the proceeding.[7]  This factual dispute also prevents the entry of summary judgment with respect to the alleged violation under the Florida Constitution arising from the use of force and the cause of action for the torts of assault and battery under state law.

### B. Noncognizable Claims

Plaintiff also purports to bring his claims under several Florida statutes, including § 784.03, Fla. Stat. (the criminal statute for battery), § 784.011, Fla. Stat. (the criminal statute for assault), § 20.315, Fla. Stat. (creating the Florida Department of Corrections), § 944.33,

---

[6] Plaintiff's Exhibits are appended to the Index to Plaintiff's Exhibits (Doc. #30).

[7] Defendant also contends that he is entitled to qualified immunity with respect to Plaintiff's unnecessary use of force claim.  See Defendant's Motion at 27-29.  Because there are material issues of fact with respect to this claim, the Court cannot address whether Defendant is entitled to qualified immunity until these disputed facts have been resolved. See Howell v. Sheriff of Palm Beach County, 349 F. App'x 399, 405-06 (11th Cir. 2009) (per curiam) (finding that, where an arrestee alleged he was not resisting arrest or acting in a physically aggressive manner towards the arresting officer, a genuine issue of material fact as to whether the officer's use of a single blast of pepper spray upon the arrestee was excessive precluded summary judgment on the officer's claim that he was entitled to qualified immunity).

Fla. Stat. (providing that prison inspectors who fail to make a report of their findings shall be discharged and further providing that making a false report is a felony of the third degree), § 944.14, Fla. Stat. (providing that it is "the duty of the wardens to supervise the government, discipline, and policy of the state correctional institutions, and to enforce all orders, rules and regulations"), § 944.09, Fla. Stat. (giving the Florida Department of Corrections the authority to adopt rules and listing specific subjects that must be addressed in such rules); Section 33-208.001.002 F.A.C. (a rule that does not exist), and Section 33-602.210 F.A.C. (governing the use of force within the Florida Department of Corrections).

As noted by Defendant, none of these statutes creates a civil cause of action that Plaintiff is able to raise in this Court. Moreover, Plaintiff is not authorized to criminally charge the Defendant under any of these provisions. See Defendant's Motion at 8-9. Therefore, Defendant's Motion will be granted to the extent judgment will be entered for Defendants on any claims purportedly brought under the above-listed provisions.

### C. Conspiracy

Plaintiff claims that Defendant conspired with other prison officials to cover up the unnecessary use of force. Defendant asserts that Plaintiff has failed to allege sufficient facts to sustain a conspiracy charge, and this Court agrees.

> "[T]o sustain a conspiracy action under § 1983 . . . a plaintiff must show an underlying actual denial of [his] constitutional rights." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1370 (11th Cir. 1998) (citing Slavin v. Curry, 574 F.2d 1256, 1262 (5th Cir. 1978), modified on other grounds on denial of reh'g, 583 F.2d 779 (5th Cir. 1978). In addition, the plaintiff must prove that the defendants reached an understanding to deny the plaintiff's rights. See Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990).

Hadley v. Gutierrez, 526 F.3d 1324, 1322 (11th Cir. 2008).

Here, Plaintiff fails to allege what underlying constitutional right was infringed by the alleged conspiracy to cover-up the use of unnecessary force. In Hadley, the plaintiff alleged that the Defendants conspired to cover-up their use of excessive force by falsifying police reports in violation of his rights under the Eighth and Fourteenth Amendments, and the Eleventh Circuit addressed this claim as follows:

> Hadley fails to explain what constitutional right the alleged cover-up infringed. We can imagine some possibilities. Covering up the use of excessive force may hinder a criminal defendant's access to the courts to redress a constitutional violation, a right protected by several constitutional provisions. See Chappell v. Rich, 340 F.3d 1279, 1282–83 (11th Cir. 2003) (right secured by Article IV's Privileges and Immunities Clause, First Amendment, Fifth Amendment, and Fourteenth Amendment). Or, the cover-up may prevent exculpatory or impeaching evidence from reaching the desk of the state prosecutor, a denial of the defendant's due process rights under the Fourteenth Amendment. See McMillian v. Johnson, 88 F.3d 1554, 1567–68 (11th Cir. 1996). Hadley does not contend that the alleged cover-up prevented him from seeking redress for a constitutional violation, or that the cover-up denied the state prosecutor access to exculpatory or impeaching evidence.
>
> Hadley has the burden to show an actual denial of his constitutional rights underlying the cover-up conspiracy. It is not our job to divine a constitutional violation to support Hadley's conspiracy claim. We are left completely in the dark about the constitutional basis for the claim. His complaint contains no explanation of which rights protected by the Fourteenth Amendment were infringed. And, tellingly, neither Hadley's pro se brief (Pl.'s Initial Br. at 11–12) nor his appointed counsel's brief (Pl.'s Supp. Br. at 20–21) cites a single conspiracy case. Hadley has wholly failed to establish a constitutional basis for asserting a conspiracy claim sufficient to withstand summary judgment.

Hadley, 526 F.3d at 1332-33.

Here, too, Plaintiff has neither alleged nor shown an actual denial of his constitutional rights underlying the alleged cover-up conspiracy. Thus, Defendant's Motion will be granted on the conspiracy claim.

### **D. 42 U.S.C. § 1997e(e)**

Defendant contends that Plaintiff has not suffered an injury sufficient to withstand 42 U.S.C. § 1997e(e).

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This statute is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints. See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA). An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal. Id. at 980.
>
> Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody. In Harris, we decided that the phrase "Federal civil action" means all federal claims, including constitutional claims. 216 F.3d at 984-85.

Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002).

Here, Plaintiff is bringing a federal civil action, he is a prisoner, and he is seeking compensatory and punitive damages. Plaintiff alleges that, as a result of the unnecessary use of force, "plaintiff suffered from physical and psychological injuries including physical

10

pain, stress, depression, paranoia and anxiety - and continues to suffer from psychological injuries." Amended Complaint at 6. In Plaintiff's Response at 17, Plaintiff also alleges the use of chemical agents caused him to suffer "difficulty breathing, eyes and skin burning for approximately 45 to 50 minutes." Other courts have concluded that such injuries are de minimis.

> Plaintiff's responses to the spray indicate that he was uncomfortable but do not convey that he suffered any injury that was more than de minimis. See Thompson v. Quinn, 2013 WL 2151715, at *12 (N.D. Fla. May 16, 2013) (unpublished) (finding that the inmate's claims for the burning sensation on his body from being sprayed with a chemical agent for his kicking his cell door and yelling obscenities was not an injury that was greater than de minimis inasmuch as after he rinsed off, he presented no injuries requiring treatment, voiced no complaints in the medical examination, and did not use sick call for later developing problems); . . . Honors v. Judd, 2011 WL 3498287, at *1, *7 (M.D. Fla. Aug. 10, 2011) (unpublished) (finding the pretrial detainee's complaints of being thrown into cell wall face first and of having a burning face and eyes, a headache, eye irritation, loss of some vision and eye control, scarring around area around eye, which are the typical results from exposure to Freeze+P2K3, do not reflect an injury that is great than de minimis, as the medical records were not produced to substantiate any continuing effects from the chemical agent); Robinson v. Tift, 2012 WL 2675467, at *2 (N.D. Fla. June 1, 2012) (finding that the chemical spray did not cause a physical injury that was greater than de minimis when plaintiff's eyes involuntarily closed, had a burning sensation, and sustained a temporary loss vision); Quinlan v. Personal Trans. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) (unpublished) (finding that the pretrial detainee's complaints of a headache for several hours after being denied use of his asthma inhaler, difficulty breathing, temporary chest pain, and lingering back pain that caused him to walk hunched over, which resulted from him being transported in a smoked-filled van while handcuffed, were not greater than de minimis and therefore did not provide the necessary physical injury to recover for mental and emotional injuries since the conditions did not require immediate medical

> attention or indicate a physical injury besides discomfort); Jennings v. Mitchell, 93 F. App'x 723, 725 (6th Cir. 2004) (unpublished) (finding that the inmate failed to allege more than de minimis injury for being sprayed with pepper spray after repeatedly disobeying a direct order as "he merely was uncomfortable in the ordinary fashion of persons exposed to pepper spray" and was at no time in respiratory distress) . . . .

Gardner v. County of Baldwin, 2014 WL 171839, at *13 (S.D. Ala. Jan. 15, 2014).

"While § 1997e(e) precludes a prisoner from seeking compensatory or punitive damages without a prior showing of physical injury, it does not preclude a prisoner from seeking nominal damages." Hale v. Sec'y for Dep't of Corr., 345 F. App'x 489, 492 (11th Cir. 2009) (per curiam) (citing Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007)). In this case, Plaintiff does not specifically request nominal damages; however, he requests "[a]ny other relief that the plaintiff may be entitled to." Amended Complaint at 11. Liberally construed, such a prayer for relief could include a request for nominal damages. See id. (finding that "[t]he district court erred when it found that [the plaintiff] was not seeking nominal damages because it failed to construe his pro se pleadings liberally"). Accordingly, Plaintiff could still be entitled to nominal damages if he prevailed at trial. Thus, 42 U.S.C. § 1997e(e) does not provide a basis for dismissing this case at this time. However, Plaintiff should note that, if he prevails at trial, 42 U.S.C. § 1997e(e) prohibits Plaintiff from receiving compensatory or punitive damages unless he can prove that he received more than de minimis injuries as a result of this incident.

Therefore, it is now

**ORDERED**:

1.      Defendant's Motion for Summary Judgment (Doc. #12) is **GRANTED** only as to the following claims: (1) Plaintiff's conspiracy claim; and (2) any claims purportedly brought pursuant to § 784.03, Fla. Stat., § 784.011, Fla. Stat., § 20.315, Fla. Stat., § 944.33, Fla. Stat., § 944.14, Fla. Stat., § 944.09, Fla. Stat., Section 33-208.001.002 F.A.C. and Section 33-602.210 F.A.C.  Judgment to that effect will be withheld pending adjudication of the action as a whole.  See Fed. R. Civ. P. 54.

2.      Defendant's Motion for Summary Judgment (Doc. #12) is **DENIED** in all other respects.

3.      This case is referred to the Honorable Monte C. Richardson, United States Magistrate Judge, to conduct a settlement conference.

4.      The **Clerk** shall **ADMINISTRATIVELY CLOSE** this case pending the outcome of the settlement conference.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of April, 2014.

                                                                                              _____
                                                                                              TIMOTHY J. CORRIGAN
                                                                                              United States District Judge

ps 4/2
c:
Walter L. Chaney
Counsel of Record
The Honorable Monte C. Richardson, United States Magistrate Judge